UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 3:22-CV-128** |
| | ) | |
| v. | ) | **Judges** _____ |
| | ) | |
| **323 EDNA MAY DRIVE,** | ) | **FILE UNDER SEAL** |
| **MURFREESBORO, TENNESSEE 37128,** | ) | |
| | ) | |
| **1823 MEMORIAL DRIVE,** | ) | |
| **CLARKSVILLE, TENNESSEE 37043,** | ) | |
| | ) | |
| **9648 MCFARLIN ROAD, BON AQUA,** | ) | |
| **TENNESSEE 37025,** | ) | |
| | ) | |
| **$47,542.66 SEIZED FROM RELIANT** | ) | |
| **BANK ACCOUNT NUMBER xxx4165,** | ) | |
| | ) | |
| **$65,829.10 SEIZED FROM RELIANT** | ) | |
| **BANK ACCOUNT NUMBER xxx7532,** | ) | |
| | ) | |
| **$33,091.29 SEIZED FROM RELIANT** | ) | |
| **BANK ACCOUNT NUMBER xxx7043,** | ) | |
| | ) | |
| **$34,621.80 SEIZED FROM RELIANT** | ) | |
| **BANK ACCOUNT NUMBER xxxx3032,** | ) | |
| | ) | |
| **$73,712.98 SEIZED FROM US BANK** | ) | |
| **ACCOUNT NUMBER xxxxxxx4939,** | ) | |
| | ) | |
| **$27,643.64 SEIZED FROM US BANK** | ) | |
| **ACCOUNT NUMBER xxxxxxx3978,** | ) | |
| | ) | |
| **$5,100.90 SEIZED FROM GLACIER** | ) | |
| **BANK ACCOUNT NUMBER xxxxxxxx5057,** | ) | |
| | ) | |
| **$1,484,844.92 SEIZED FROM TRUIST BANK** | ) | |
| **ACCOUNT NUMBER xxx7747,** | ) | |

| | |
|---|---|
| **$621,851.18 SEIZED FROM TRUIST BANK ACCOUNT NUMBER xxxxxxxx9580,** | ) ) ) |
| **$22,317.36 SEIZED FROM BANCORPSOUTH ACCOUNT NUMBER xxxx0699,** | ) ) ) |
| **$244,653.10 FROZEN BY FIDELITY, INVESTMENT ACCOUNT NUMBER xxxxx2779,** | ) ) ) ) |
| **2019 INFINITI QX8 UTILITY, VIN: JN8AZ2NF7K9688505,** | ) ) ) |
| Defendants. | ) |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, and Gretchen Mohr, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. In this *in rem* civil action, the United States of America seeks forfeiture of defendant properties as set forth below.

## THE DEFENDANT *IN REM*

2. The United States seeks forfeiture of the following defendant properties and real properties with all buildings, appurtenances, improvements, and attachments thereon, which are more fully identified and more particularly described below:

**REAL PROPERTIES**

(a) The real property located at **323 Edna May Drive, Murfreesboro, Tennessee 37128**, with all appurtenances, improvements and attachments thereon, belonging to Rachel Wood, Hunter Wood, and Allison Wood, more particularly described as follows:

Land in Rutherford County, Tennessee, and being all of Lot No. 53, Final Plat, Section 2, Hampton Park at Hillwood, Planned Unit Development (Residential), according to survey and plat of same appearing of record in Plat Book 41, page 221, in the Register's Office for Rutherford County, Tennessee, to which plat reference is hereby made for a more accurate and complete description of said lot.

Being a portion of the same property conveyed to Harney Homes, LLC, a Tennessee limited liability company by Warranty Deed filed for record on April 24, 2018 in Record Book 1667, page 3582, of the Register's Office of Rutherford County, Tennessee.

For further reference see Warranty Deed recorded on July 1, 2021 in the Register of Deeds Office for Rutherford County, Tennessee recorded in Record Book 2104, Pages 2107-2109; and

(b) The real property located at **1823 Memorial Drive, Clarksville, Tennessee 37043**, with all appurtenances, improvements and attachments thereon, belonging to Rachel Wood, more particularly described as follows:

Being Lot No. 2 and the Western one-half (1/2) of Lot No. 3 of West Park Professional Center, as shown on plat of record in Plat Book 8, Page 84, Plat 84, ROMCT, and being more particularly described as follows:

Beginning at an iron pin located in the northern right of way of Memorial Drive, said iron pin being located in Vista A. Russell's, et al, southwest comer, said iron pin also being located 220 feet, more or less, west of the center line of Medical Drive as measured along the northern right of way line of Memorial Drive; thence with the north right of way line of said Memorial Drive on a curve to the left having a central angle of 0 degrees 24 minutes 14 seconds, a radius of 1,137.72 feet, a distance of 8.02 feet to an iron pin; thence south 55 degrees 12 minutes 00 seconds west 24.35 feet to an iron pin; thence on a curve to the left having a central angle of 6 degrees 06 minutes 00 seconds, a radius of 798.39 feet, a distance of 85.00 feet to an iron pin; thence leaving the right of way line of said Memorial Drive, north 28 degrees 50 minutes 49 seconds west 80.14 feet to an iron pin; thence north 9 degrees 00 minutes 55 seconds west 134.03 feet to an iron pin; thence north 61 degrees 37 minutes 02 seconds east 80.45 feet to an iron pin located in Russell's northwest corner; thence with Russell's

line south 25 degrees 52 minutes 33 seconds east 189.20 feet to the point of beginning, according to a survey of King Engineers, Inc., dated 11/25/80.

BEING the same property conveyed to Oasis In-Home Care, Inc., a Tennessee corporation, by Cash Warranty Deed from Robert R. Welch, Mary E. Welch, and Frank N. McGregor, dated 10/5/12 and recorded on 10/8/12, in Volume 1471, Page 339, Register's Office for Montgomery County, Tennessee.

For further reference see Warranty Deed recorded on November 30, 2018 in the Register of Deeds Office for Montgomery County, Tennessee recorded in Volume 1850, Pages 2834-2835; and

(c) The real property located at **9648 McFarlin Road, Bon Aqua, Tennessee 37025**[1], with all appurtenances, improvements and attachments thereon, belonging to Rachel Wood and Madison Kretzer, more particularly described as follows:

Being all of Lot No. 4 on the plan of Hawks Landing, as contained in Plat Cabinet G, page 57, Register's Office for Hickman County, Tennessee, to which plan reference is hereby made for a more complete and accurate description of said lot.

Being the same property conveyed to TRACELAND DEVELOPMENT GROUP, LLC, a Tennessee Limited Liability Company by Deed dated January 22, 2021 from MARK POPADIC, a married man, recorded February 4, 2021, in Book 43, Page 6145, in the Official Records of Hickman County, Tennessee.

For further reference see Warranty Deed recorded on August 18, 2021 in the Register of Deeds Office for Hickman County, Tennessee recorded in Book 45, Pages 1199-1200.

**BANK ACCOUNTS**

(a) $47,542.66 seized from Reliant Bank account number xxx4165 in the name of Addiction Behavioral Care located at 2617 Grandview Avenue, Suite 103, Nashville, Tennessee;

---

[1] The real property is also known to have a mailing address of 1030 Hawks Landing, Bon Aqua, Tennessee 37025.

(b)  $65,829.10 seized from Reliant Bank account number xxx7532 in the name of Clarksville Addiction Recovery located at 1823 Memorial Drive, Clarksville, Tennessee;

(c)  $33,091.29 seized from Reliant Bank account number xxx7043 in the name of Patient Centered Care LLC and Rachel WOOD utilizing address 8310 Patterson Road, College Grove, Tennessee;

(d)  $34,621.80 seized from Reliant Bank account number xxxx3032 in the name of ACT Wellness Center LLC located at 1410 Kensington Square Ct. Suite 104, Murfreesboro, Tennessee;

(e)  $73,712.98 seized from US Bank account number xxxxxxxx4939 in the name of RBI Wellness LLC utilizing address 8310 Patterson Road, College Grove, Tennessee;

(f)  $27,643.64 seized from US Bank account number xxxxxxxx3978 in the name of ARC Healthcare LLC located at 1200 Winner Avenue SW Suite A, Huntsville, Alabama;

(g)  $5,100.90 seized from Glacier bank account number xxxxxxxxx5057 in the name of Genesix Inc., DBA Ernest Clinic, utilizing address 432 E Idaho Street Suite C458, Kalispell, Montana;

(h)  $1,484,844.92 seized from Truist Bank Account Number xxx7747, in the name of Rachel Wood and utilizing address 8310 Patterson Road, College Grove, Tennessee;

(i)  $621,851.18 seized from Truist Bank Account Number xxxxxxxxx9580, in the name of Rachel Wood and utilizing address 8310 Patterson Road, College Grove, Tennessee;

(j)  $22,317.36 seized from BancorpSouth account number xxxx0699 in the name of Kelley and Tommy Dean utilizing address 2005 Ober Brienz Lane, Franklin, Tennessee; and

(k)  $244,653.10 frozen by Fidelity, Investment account number xxxxx2779 in the name of Kelley Dean utilizing address 2005 Ober Brienz Lane, Franklin, Tennessee.

**VEHICLE**

2019 Infiniti QX8 Utility, VIN: JN8AZ2NF7K9688505, seized from Rachel Lynn Wood.

3. The defendant real properties have not been seized but are within the jurisdiction of the Court pursuant to 28 U.S.C. § 1355(b)(1)(A). The United States does not request authority from the Court to seize the defendant real properties at this time. The United States will, as provided by 18 U.S.C. § 985(b)(2) and (c)(1):

    a. post notice of this action and a copy of the Verified Complaint *In Rem* on the defendant real properties;

    b. serve notice of this action on the record owner of the defendant real properties, and any other person or entity who may claim an interest in the defendant real properties, along with a copy of this Verified Complaint *In Rem*;

    c. execute a writ of entry for purposes of conducting an inspection and inventory of the defendant real properties; and

    d. file a notice of *lis pendens* in the county records where the defendant real properties are located.

4. The currency seized from the bank accounts are currently on deposit in an account under the control of the United States Marshals Service ("USMS"), except for the Fidelity Investments account number xxxxx2779 in the name of Kelley Dean. Fidelity froze Investment number xxxxx2779. The vehicle is in the custody of the USMS.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the defendant properties pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture of the defendant properties occurred in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district. Additionally, venue is proper in regard to the currency and vehicle, pursuant to 28 U.S.C. § 1395(b) because the properties are located in this district.

8. Upon the filing of this complaint, the plaintiff requests that the Clerk issue a Warrant of Arrest *in Rem* pursuant to Supplemental Rule G(3)(b)(i) for the currency and vehicle. The plaintiff will execute the warrant upon the defendant properties pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

## BASIS FOR FORFEITURE

9. The United States of America seeks forfeiture of the defendant properties pursuant to:

   a) 21 U.S.C. § 881(a)(6), which authorizes forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, in violation of 21 U.S.C. §§ 841 and/or 846;

   b) 18 U.S.C. § 981(a)(1)(A), which authorizes forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation 18 U.S.C. §§ 1956 and/or 1957, or any property traceable to such property; and

   c) 18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense.

10. Pursuant to 21 U.S.C. § 881(h) and 18 U.S.C. § 981(f), all right, title and interest in the defendant properties became vested in the United States at the time of the acts giving rise to the forfeiture.

# FACTS

11. As set forth in detail in the Affidavit of Special Agent, Tyler Gustafson, Drug Enforcement Administration, the Government's investigation has determined that the defendant properties are proceeds of drug-related violations of 21 U.S.C. §§ 841 and/or 846 and derived from proceeds traceable to and involved in violations of 18 U.S.C. §§ 1956 and/or 1957. The owner of the defendant properties, Rachel Wood, Hunter Wood, Allison Wood, and Madison Kretzer, and other co-conspirators engaged in the illegal distribution of scheduled narcotics, Schedule II, II, and IV Controlled Substances, in the Eastern District of Tennessee, and laundered the proceeds obtained from that same drug conspiracy.

12. The defendant properties are subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

# CLAIM FOR RELIEF

13. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 12 above.

# PRAYER FOR RELIEF

14. Wherefore, the United States of America prays that:

   (a) The Clerk issue a Warrant for Arrest *In Rem* for the currency and the vehicle;

   (b) Defendant properties be condemned and forfeited to the United States of America in accordance with the provisions of law;

   (c) Notice of this action be given to all persons known or thought to have an interest in or right against the defendant properties;

(d) Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By: _____
Gretchen Mohr
Assistant United States Attorney
NY Bar No. 5064704
800 Market Street, Suite 211
Knoxville, Tennessee 37902
gretchen.mohr@usdoj.gov
(865) 545-4167

9

# VERIFICATION

I, Tyler Gustafson, Special Agent, Drug Enforcement Administration, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of April, 2022.

_____
Tyler Gustafson
Special Agent
Drug Enforcement Administration